[Civ. No. 648. Fourth Appellate District.—October 25, 1934.]

CLARRIE M. LANSDOWN, Appellant, v. SMITH & SONS RESERVE CORPORATION, LTD. (a Corporation), et al., Respondents.

Forgy, Reinhaus & Forgy and A. M. Bradley for Appellant.

Drumm, Tucker, Martell & Drumm for Respondents.

BARNARD, P. J.—In this action the plaintiff sought to permanently enjoin the defendants from selling certain real property, proceedings for the sale of which had been begun under a trust deed given to the defendant title company to secure a note given by the individual defendants to the first-named corporation defendant.

The amended complaint alleged that the plaintiff was the beneficiary under another trust deed covering the same property, and that both trust deeds were recorded on the same day. In a first cause of action it was alleged that no default existed in connection with the first-named trust deed as all payments due had been fully paid, while a second cause of action charged the first-named corporation defendant with fraud in that it procured its trust deed knowing that the individual defendants were at all times unable to pay the debt represented thereby, and knowing that the individual defendants never intended to make any payment on account of that debt. A general and special demurrer was sustained without leave to amend and from the judgment which followed, the plaintiff has appealed.

The only argument presented is upon the question as stated by the appellant, "whether a junior beneficiary under a trust deed may be granted an injunction to prevent an unauthorized sale of the security by a prior encumbrancer". In making this argument, it is assumed that the lien of the trust deed owned by the appellant is, in fact, junior to the lien of the trust deed held by the first-named respondent. This argument discloses the same weakness which appears in the complaint where certain essential facts are apparently assumed without being alleged. In neither of the causes of action attempted to be set up in the complaint is it alleged, either directly or indirectly, that the lien of appellant's trust deed is inferior or junior to that of the trust deed the enforcement of which is sought to be enjoined. For all that appears in the complaint the appellant's lien is superior to the other, and the sale of the individual respondents' interest in the property, which is alleged to be threatened, would not affect the appellant's title or interest in the least. If we also indulge in the assumption that the appellant is correct in her position on the only question presented, that one holding a junior encumbrance may bring an action to restrain an unauthorized

sale under a senior or superior lien, the fact remains that the amended complaint was deficient and the court was correct in its ruling on the demurrer.

A further consideration is that it is pointed out by the respondents, and not denied by the appellant, that the sale which is here sought to be enjoined has long since taken place. If this is true, a reversal could be of no benefit to the appellant and the matter has become moot. (*Faria* v. *Brandon*, 206 Cal. 730 [276 Pac. 106].)

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.