[S. F. No. 17535.   In Bank.   Apr. 3, 1948.]

DEPARTMENT OF VETERANS AFFAIRS OF THE STATE OF CALIFORNIA (a Public Corporation), Petitioner, v. THE BOARD OF SUPERVISORS OF SAN JOAQUIN COUNTY et al., Respondents.

John A. Sinclair and Warren H. Atherton for Petitioner.

J. R. Klawans and Orville Pratt, as Amici Curiae on behalf of Petitioner.

Frederick L. Felton, County Counsel (San Joaquin County), for Respondents.

EDMONDS, J.—By the present original proceeding, the Department of Veterans Affairs of California, one of the petitioners in *Eisley* v. *Mohan, ante,* p. 637 [192 P.2d 5], has presented substantially the same question as was decided in that case.   The department here seeks a writ of mandate

to compel the board of supervisors to cancel an assessment on real property owned by it subject to a contract of conditional sale made with Murray Hill, a veteran entitled to tax exemption.

The petition alleges that certain real property was assessed for the fiscal year 1946-47 to one Sven Meyer, the holder of the legal title on March 1, 1946. The Veterans Welfare Board acquired the land by deed dated March 2, 1946. Three weeks later the board contracted to sell the property to Hill and his wife, who now occupy the premises. On August 5, 1946, the Department of Veterans Affairs, the successor of the Veterans Welfare Board, filed with the Board of Supervisors of San Joaquin County a petition which included detailed information concerning the title to the property. Upon the ground of ownership by a state agency, the department demanded that the realty taxes for 1946-47 be canceled pursuant to sections 4986 and 4986.4 of the Revenue and Taxation Code. After the respondent board refused to comply with the demand and to cancel the tax, the department instituted the present proceeding.

The department contends that, under the facts pleaded, the applicable statutes require the cancellation of the assessment upon the property for taxes of the fiscal year 1946-47, although the land was acquired by the public agency after the tax lien attached. Mandamus is the proper remedy, says the petitioner, because the courts have become more liberal in allowing that remedy to be invoked when the question is of statewide concern and the controversy concerns the construction of a general state statute. It is also asserted that the remedy at law is inadequate and not "capable of directly affording and enforcing the relief sought."

By way of return to the alternative writ issued in response to the department's petition, the respondent board demurred upon the ground that the facts pleaded are not "sufficient to constitute a cause of action nor to authorize the issuance of either an alternative or peremptory writ of mandate."

The statutes relied upon by the petitioner read as follows:

"4986. All or any portion of any uncollected tax, penalty, or costs, heretofore or hereafter levied, may, on satisfactory proof, be canceled by the auditor on order of the board of supervisors with the written consent of the district attorney if it was levied or charged: . . . (e) On property acquired after the lien date by the State or by any county, city, school dis-

trict or other political subdivision and because of this public ownership not subject to sale for delinquent taxes."

"4986.4. Whenever any property has been deeded to the Veterans' Welfare Board . . . and a petition has been filed with any county or city for the cancellation of taxes pursuant to this article, the district attorney or city attorney, as the case may be, shall investigate the facts stated in the petition, and if he finds them to be true, shall approve the petition and recommend to the legislative body that the taxes described in the petition be canceled."

By the provisions of section 1, article XIII of the Constitution, property belonging to the state is exempt from taxation. Under section 4986 of the Revenue and Taxation Code, where the state acquired land after the lien for taxes has attached, such taxes may, under certain conditions, cease to become a charge upon the land. (*People* v. *Board of Supervisors of Calaveras County,* 126 Cal.App. 670 [15 P.2d 209].) The purpose, as stated in the code section is that the property "because of this public ownership" should not be subjected to sale for delinquent taxes.

Had the state agency been the owner of the property at the time the application for the cancellation of taxes was made, it would have been entitled to the relief sought. (*People* v. *Board of Supervisors of Calaveras County, supra.*) But a state agency is not required to apply for the cancellation of an assessment (*City of Pasadena* v. *Chamberlin,* 1 Cal.App.2d 125, 134 [36 P.2d 387]), and in the present case, before the application was made, the department had sold the property under a contract of conditional sale. Under these circumstances, as was held in the Eisley case, the vendee in possession of the property is the owner of it for all purposes here relevant; the department holds the naked legal title only for the purposes of security. (*Eisley* v. *Mohan, ante,* p. 637 [192 P.2d 5]; *Elliott* v. *McCombs,* 17 Cal.2d 23 [109 P.2d 329].) Upon the execution of the conditional sale contract made with the veteran-vendee, the property was subject to taxation to the same extent as it would have been had the sale been made to him by Sven Meyer. There should be no different tax consequences because the department held the full legal title to the land for a few weeks, during which it took no action to have the assessment canceled.

Section 4986.4 of the Revenue and Taxation Code was added in 1945. (Stats. 1945, ch. 323, § 1.) In 1932, this court

held that a state agency which had acquired property, could obtain cancellation of the taxes which were a lien on the property only if the property was impressed with a public use. (*La Mesa etc. Irr. Dist.* v. *Hornbeck,* 216 Cal. 730 [17 P.2d 143].) Property acquired by the Department of Veterans Affairs, prior to the enactment of section 4986.4 would not be subject to cancellation of taxes, because it was not impressed with a public use, but was merely acquired for resale to veterans. Since 1945, however, the department, as to such property as it owns absolutely, may protect it from sale for delinquent taxes by applying for cancellation of the taxes which have become a lien upon it prior to the date of acquisition by the state agency. But the new statute does not otherwise enlarge the authority to cancel taxes granted under section 4986 of the Revenue and Taxation Code.

For the reasons stated, the board of supervisors had no duty to cancel the taxes as requested. The alternative writ is discharged, and a peremptory writ is denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Petitioner's application for a rehearing was denied April 29, 1948.