[Civ. No. 8757.   Third Dist.   Dec. 3, 1956.]

R. C. TAGGART, Appellant, v. CAL-LINDA PACKING COMPANY (a Partnership) et al., Defendants; LAWRENCE CURTOLA, Respondent.

Samuel C. Shenk for Appellant.

Joseph L. Alioto and Walter F. Calcagno for Respondent.

VAN DYKE, P. J.—This is an appeal from a judgment refusing to foreclose a chattel mortgage.

Under date of September 1, 1950, a group of seven people

entered into a contract for the sale to Pasquale Ferrero and Alma Robba of certain real property upon which there was situated a cannery. In addition to the real property, the group agreed to sell certain personal property consisting of cannery equipment. The buyers agreed to purchase and install in the cannery premises additional cannery equipment. Concerning this additonal machinery and equipment, the contract provided as follows: "It is understood and agreed that this additional property shall be covered by this Agreement, and shall be treated as the other items of personal property hereinabove set forth so that said items of personal property shall be held by Sellers as security for the payment of the obligation due them from the Buyers herein." The buyers further agreed that if they breached the agreement, they would redeliver possession of the real property and of all the personal property either upon the premises at the time of sale or which they had under the terms of their contract placed thereon; that the title to the personalty covered by the contract and all personal property placed thereon by the buyers or obtained from the sellers during the existence of the contract should remain in the sellers until the sellers should deliver to the buyers a bill of sale covering the same; and that in the interim the buyers could place no liens thereon. It appears that the buyers did place a large amount of cannery equipment and other personal property on the premises and for a time operated the cannery but had ceased to do so prior to the execution of appellant's mortgage.

On August 29, 1951, the buyers, together with one Vincent C. Giordano, who in the meantime had become interested with the buyers, executed an instrument called "Assignment of Contract" wherein they assigned "to Lawrence Curtola that certain contract dated September 1, 1950," (the purchase and sale agreement above discussed), and in addition promised "to sell to Lawrence Curtola the fixtures of the Cal-Linda Cannery" upon which there was an indebtedness of $11,500 which Curtola agreed to assume. As to just what passed under this assignment considerable testimony was taken, but ignoring conflicts the testimony of Mr. Curtola satisfactorily establishes the following: Just before the assignment was made, he entered into negotiations with the cannery property buyers, Mr. Giordano conducting negotiations for Ferrero and Robba. The three operated the cannery as Cal.-Linda Cannery had gotten into financial difficulties. Some of the property they had placed upon the cannery

premises had not been paid for and the sellers were about to repossess the same. They were greatly indebted for their canning operations and were financially distressed. They wanted to sell their interests under the purchase and sale contract together with all machinery and equipment they had placed thereon, save only certain machinery and equipment and supplies which were pointed out and designated as not going into the proposed deal with him and which the record shows we are not here further concerned with. He entered into the contract of assignment for the purpose of thus taking over all of the interest of the three constituting the Cal-Linda Cannery. It is a fair summation of his testimony that by the contract of assignment he became the owner of all the right, title and interest of Giordano, Ferrero and Robba in the cannery property, including all their right and interest in the machinery and equipment they had placed thereon. After the execution of the assignment, Curtola, as lessor, leased the cannery property for operation to an operating group separate and apart from any that we have mentioned thus far.

After executing the assignment and on November 29, 1951, Giordano, Ferrero and Robba purported to mortgage to one Davis, predecessor in interest and assignor of plaintiff and appellant, an extensive amount of cannery equipment, then on the cannery premises, as security for the payment of a promissory note of $3,980.13. The loan was not repaid; the mortgagee, W. L. Davis, assigned the note and mortgage to appellant who had guaranteed the payment of the note. Respondent, as· a John Doe defendant herein, filed an answer to the complaint, wherein he asserted that at the time the mortgage was executed, the mortgagors had no title to the property which they purported to mortgage; that he was the owner thereof, and that the court ought not to permit the mortgage to be foreclosed as against him.

The trial court found that through the assignment contract, Giordano, Robba and Ferrero had sold to Curtola all their interest in the real property and the equipment of the cannery subject to contracts payable; that they executed the note and chattel mortgage but that the equipment covered by the mortgage was the equipment which had been sold to Curtola through the assignment and that when they executed the note and mortgage, Giordano, Robba and Ferrero did not have title to the property which they purported to mortgage.

The court, by its judgment, decreed that the appellant have no relief against Curtola.

It is familiar law that upon the execution of the purchase and sale contract whereby the cannery property and the equipment mentioned in that contract were conditionally sold to Ferrero and Robba, and upon the buyer's entry into possession thereof, the interests of the parties were to be considered as being that the title to the property being purchased was in the buyers, except that the legal title remained in the sellers, to be retained by them by way of security against the failure of the buyers to complete the contract of purchase. (*Sherman* v. *Quinn,* 31 Cal.2d 661 [192 P.2d 17]; *Elliott* v. *McCombs,* 17 Cal.2d 23, 31 [109 P.2d 329].) It is a fair construction of that portion of the contract which referred to the equipment which the buyers agreed to install in the cannery that by the purchase and installation thereof the legal title vested in the sellers under the purchase and sale contract and the relationship of the parties thereto was the same as though that personal property had been originally a part of the subject matter of the contract. The contract is very specific upon this and declares, as above stated, that whatever title came into the ownership of the buyers when they purchased and installed the added property, that title was to be thereafter in the sellers of the cannery. It was competent to the parties to make such arrangements concerning the added equipment to be placed in the cannery and formal documents of transfer were not necessary.

The evidence supports the trial court's findings of fact that, by the execution of the assignment, the buyers of the cannery property transferred to Curtola all their right, title and interest in both the real property and the personal property which was in the cannery when they agreed to purchase, as well as the personal property which, under the terms of the contract, they thereafter installed therein; that when they executed the mortgage to Davis they had no interest in such property except possibly a reverting interest if Curtola failed to pay. It is not in evidence that he ever did.

The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.