[Civ. No. 22398. Second Dist., Div. Two. Dec. 5, 1957.]

COUNTY OF LOS ANGELES, Appellant, v. DAN E. BUTCHER et al., Respondents.

Harold W. Kennedy, County Counsel, Edward H. Gaylord and Thomas H. Carter, Deputy County Counsel, for Appellant.

*Assigned by Chairman of Judicial Council.

Lehman & Van Buskirk, M. Lewis Lehman and Wayne L. Van Buskirk for Respondents.

FOX, Acting P. J.—This is a motion to dismiss the appeal on the ground that the matter is moot.

The county brought this suit to enjoin the defendants Butcher (Dan, Mary and Leo) and Clifford R. Bruber, and Pico Citizens Bank from "offering to sell, contracting to sell, or selling or conveying" any portion of certain real property located in the unincorporated area of Los Angeles County.

The suit is based on the theory that the defendants Butcher had divided the particular property into eight lots without filing a subdivision map with the Regional Planning Commission of the county, as required by the Subdivision Map Act (Bus. & Prof. Code, §§ 11500 to 11709) and as required by County Ordinance Number 4478, known as "The Subdivision Ordinance." It was alleged that these lots had an average width of 47½ feet, which violated the requirements of section 71 of the above ordinance that such lots have an average width of 50 feet.

Just prior to the final inspection by the county of the houses that the Butchers had built on these lots, this suit was filed to enjoin the sale of the properties in question. A preliminary injunction was granted. Upon a trial on the merits, the preliminary injunction was dissolved and the county was denied any relief. It is from this judgment that the county appealed.

Respondents' motion to dismiss the appeal is supported by the separate affidavits of Dan and Mary Butcher to the effect that since entry of judgment in the trial court on January 3, 1957, they have each caused to be sold their respective four parcels of the property here involved, and that "said parcels, each improved with a single family dwelling, are presently occupied by each of the respective vendees."*

It was stipulated upon oral argument of the motion to dismiss that Dan and Mary Butcher had sold a substantial number of the properties here involved by contracts for the purchase and sale of real property and that the other properties had been disposed of by deed.

---

*Leo Butcher also filed an affidavit in support of the motion to dismiss in which he stated that the parcel of property owned by him and involved in this suit "is presently the subject of a complaint in eminent domain in a suit filed by appellant herein entitled *County of Los Angeles* v. *Leo Butcher*, et al., defendants, being No. 683009 in the Superior Court of Los Angeles County.

It is the position of respondents that since there was no restraining order in effect pending appeal, and no action was taken by the county to keep the matter in status quo during such period, and since the property in the meantime had been sold, the matter has become moot inasmuch as there is no relief the court could now grant the plaintiff.

■ Whether an injunction restraining the sale of real property should be granted becomes a moot question on appeal where in the meantime the property has been sold. (*Stinson* v. *Blodget,* 123 Cal.App.2d 390, 394 [266 P.2d 947]; *Landsdown* v. *Smith & Sons R. Corp., Ltd.,* 1 Cal.App.2d 618, 620 [37 P.2d 127]; *Brennan* v. *American Trust Co.,* 3 Cal.2d 635-636 [45 P.2d 207].) Under these decisions it is perfectly clear that the matter is moot insofar as any of the properties that have been deeded to the purchasers are concerned. This leaves for consideration the status of the properties with respect to which contracts for the purchase and sale thereof have been entered into, following which possession has been taken by the vendees. In *Elliott* v. *McCombs,* 17 Cal.2d 23, the court pointed out at page 31 [109 P.2d 329] that ". . . a contract for the sale of real estate may be specifically enforced by the purchaser, equity regarding as done that which ought to be done; it considers the purchaser to be the owner of the land. [Citations.] The vendor who retains the legal title as security for the payment of the purchase price has no greater rights than he would possess if he had conveyed the land and taken back a mortgage. [Citation.] The vendee, particularly after he goes into possession of the land under an executory contract, is for all purposes the owner and the vendor retains mere legal title. [Citation.]" Relying on this principle, the court held in *Eisley* v. *Mohan,* 31 Cal.2d 637, 643 [192 P.2d 5], that a vendee in possession of land under an executory contract whereby title is retained by the state as security, is for all purposes the owner. (See to the same effect, *Department of Veterans Affairs* v. *Board of Supervisors,* 31 Cal.2d 657, 659 [192 P.2d 22]; and *Sherman* v. *Quinn,* 31 Cal.2d 661, 663 [192 P.2d 17].) In *Taggart* v. *Cal-Linda Packing Co.,* 146 Cal.App.2d 545 [304 P.2d 172], the court had for consideration a contract for the sale to Pasquale Ferrero and Alma Robba of certain real property upon which there was situated a cannery. In the course of the opinion the court, relying on the Sherman and Elliott cases, *supra,* observed that "It is familiar law that upon the execution of the purchase and sale contract whereby the cannery property and

the equipment mentioned in that contract were conditionally sold to Ferrero and Robba, and upon the buyer's entry into possession thereof, the interests of the parties were to be considered as being that the title to the property being purchased was in the buyers, except that the legal title remained in the sellers, to be retained by them by way of security against the failure of the buyers to complete the contract of purchase." (P. 548.)

■ From the foregoing authorities it is clear that where parties enter into a written contract for the purchase and sale of real property pursuant to which the buyer goes into possession and the seller retains the legal title as security for the purchase price, the latter "has no greater rights than he would possess if he had conveyed the land and taken back a mortgage" and the purchaser "is for all purposes the owner." (*Elliott* v. *McCombs, supra.*)

Applying these principles to the factual situation at hand, it may properly be said that the properties in question had been sold since, pursuant to written contracts for the purchase and sale of said properties, the purchasers had taken possession and the sellers held legal title merely as security for payment of the purchase price. (*Taggert* v. *Cal-Linda Packing Co., supra.*) In these circumstances, as said in the Elliott case, "The vendee . . . is for all purposes the owner. . . ."

If the judgment were reversed that would not undo the sales previously made to the persons now in possession under the contracts; and the granting of an injunction upon a new trial or pursuant to direction of this court could operate only upon resales made after default of contract purchasers—a thing now resting in the realm of possibility and speculation. Courts do not grant injunctions upon such an attenuated basis. Reversal of the instant judgment would be an idle act. (See *Wright* v. *Board of Public Works,* 163 Cal. 328, 331 [125 P. 353].) The matters involved in this appeal are moot.

The appeal is dismissed.

Ashburn, J., concurred.

A petition for a rehearing was denied January 2, 1958, and appellant's petition for a hearing by the Supreme Court was denied January 28, 1958.