[Civ. No. 19433. First Dist., Div. One. May 26, 1961.]

JOHN CLINE et al., Respondents, v. HELEN HAINES, Appellant.

Barnett & Wood and Edmund S. Barnett for Appellant.

Sellar & Engleking for Respondents.

HOYT, J. pro tem.*—In this action John Cline and Mary Lou Cline are plaintiffs and respondents, Helen Haines is defendant and appellant, and Matthew Gerald Barradas was a defendant who has not appealed. On April 5, 1955, the Clines executed a deposit receipt contract with a real estate broker, Edward Koepke (since deceased), for the purchase of a parcel of land in Contra Costa County. (Pl. Exh. 4.) The land was then owned by Helen Haines. Koepke represented that the Clines' lot would be one of a six-lot subdivision; would front on Berta Lane; and that Berta Lane would be constructed for the sole use of the six-lot subdivision. On August 20, 1955, appellant Haines deeded the lot covered by the Clines' deposit receipt to defendant Barradas. (Defts. Ex. 4.) In the deed Haines reserved a right of way on Berta Lane ''as an appurtenance to the remaining lands of grantor.'' This deed was recorded March 21, 1956. At this time Haines

---

*Assigned by Chairman of Judicial Council.

was still the owner of two lots in the six-lot subdivision. She was also the owner of residential and business property adjoining this subdivision.

On August 12, 1957, defendant Barradas deeded this property to the Department of Veterans Affairs of the State of California. (Def. Exh. 4.) This deed was recorded August 20, 1957. On July 26, 1957, the Department of Veterans Affairs executed a contract of sale of the lot to the Clines. This contract of sale was also recorded August 20, 1957.

Respondents built a house on this lot and moved in on June of 1957. In September 1957, respondent observed that Berta Lane was being used as a roadway serving the property of appellant Haines adjacent to but outside of the six-lot subdivision. He checked the record title, complained to Haines and then brought this action. The trial court decided that the deeds from Haines to Barradas and from Barradas to the Department of Veterans Affairs should be reformed to limit the right of way to the use of the six lots and enjoined appellant Haines from using it for other lots. Haines has appealed from this judgment.

 Appellant's first point is that there is no evidence to support the finding that Koepke was Haines' agent. On April 15, 1955, when the deposit receipt was signed by the Clines, appellant Haines was the owner of the property. Haines did not deed this property to Barradas until August 20, 1955, and the Haines-Barradas deed was not recorded until March 21, 1956. Of necessity Koepke in negotiating the sale of the property in April, 1955, was representing the owner and at that time the owner was the appellant Haines.

 Appellant also urges that the respondents had both actual and constructive notice of the easement reservation prior to respondents' purchase of their lot. Respondents made a deposit on the property at the time they received a deposit receipt on April 5, 1955. The Haines-Barradas deed which was the first document to contain the easement reservation, was executed on August 20, 1955, and was recorded March 21, 1956. Certainly the respondents could have neither actual nor constructive notice of the easement reservation at the time they paid their deposit. It is also true that the respondents could have known of the reservation after it was executed and still believed it applied only to the six-lot subdivision. During all of this time appellant was the owner of two lots in the six-lot subdivision and unless the respondents knew that the appellant had other property, they would have been

justified in believing that the right of way reservation referred to defendant's two remaining lots. The trial court so found. There is substantial evidence to support the finding; therefore, it is binding on appeal.

Appellant contends that the trial court erroneously ordered reformation of the Haines to Barradas deed and also the Barradas to the Department of Veterans Affairs deed. Barradas has not appealed from the judgment against him. Koepke was also the agent of Barradas after Barradas obtained legal title to the property. On May 31, 1956, the six-lot subdivision belonged to appellant Haines, Barradas and a man named Cleverdon and his wife. On this date they signed an agreement acknowledging that the six-lot subdivision was owned by them, that Haines owned three lots, Barradas one and the Cleverdons two; that the roadway with which we are here concerned "exists for the use of said parcels" in this subdivision; that it is agreed that the owners of the six parcels, their heirs, successors and assigns shall bear the expense of the upkeep of said right of way in the proportion of one share for each of the six parcels. (Pl. Exh. 5.) This agreement was recorded June 15, 1956, and is clear evidence that the parties intended to provide a roadway for the six lots only. Under these circumstances the trial court could well believe that there was a mutual mistake in the deed from Haines to Barradas, or that Haines knew that Barradas was mistaken as to the breadth of the reservation in the Haines to Barradas deed. This also supplies evidence of a mutual mistake on the part of Barradas and Cline. Under these circumstances the trial court could reform the right of way to limit its use to the six lots in the six-lot subdivision.

The Department of Veterans Affairs was not an indispensable party. The department "holds the naked title only for the purposes of security." (*Department of Veterans Affairs* v. *Board of Supervisors,* 31 Cal.2d 657, 659 [192 P.2d 22].) The decree does not injuriously affect the Department of Veterans Affairs and therefore it is not an indispensable party. (*Bank of California* v. *Superior Court,* 16 Cal.2d 516 [106 P.2d 879].) It is also true that appellant cannot for the first time raise this point on appeal. If there were a defect or misjoinder of parties, plaintiff or defendant, appearing on the face of the complaint it could have been raised by demurrer. (Code Civ. Proc., § 430.) If the defect

or misjoinder of parties did not appear on the face of the complaint the objection should be taken by answer. (Code Civ. Proc., § 433.) ''If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.'' (Code Civ. Proc., § 434.)

The judgment is affirmed.

Bray, P. J., and Duniway, J., concurred.