Filed 4/19/21  Anguiano v. Anguiano CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ROSA ANGUIANO, as Trustee, etc., | D077182 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2018-00052556-PR-TR-CTL) |
| ARMANDO T. ANGUIANO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert C. Longstreth, Judge.  Affirmed.

Armando T. Anguiano, in pro per; Arizmendi Law Firm and Ruben F. Arizmendi, for Defendant and Appellant.

William J. Freed, for Plaintiff and Respondent.

Armando T. Anguiano challenges a judgment granting a petition filed by his ex-wife, Rosa Anguiano, to remove him as co-trustee of their family trust, appoint Rosa as sole trustee, terminate the trust, and distribute its

assets to her.[1] Armando raises several claims of error. As explained below we reject Armando's arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Rosa and Armando were married and had two children together.[2] They ended their marriage and a judgment of dissolution was filed on August 18, 2010. The judgment was entered after the parties, who were both represented by counsel, reached a mediated settlement.

In 2003, prior to the dissolution of their marriage, the parties created a revocable trust and transferred two real properties from joint tenancy to the trust. The settlement judgment in the dissolution proceeding awarded Armando the two real properties as his separate property and ordered him to pay Rosa an equalizing payment of $763,000. The judgment required Armando to pay $600,000 to Rosa upon the trial court's signature on the judgment and Rosa's signature on an interspousal transfer deed transferring the properties to Armando as his sole property.

Rosa signed the transfer deeds. However, Armando failed to make the equalizing payment and the properties were never transferred from the trust to him. In 2017, Rosa obtained a writ of execution to collect the dissolution judgment she was owed. By that time, with interest, the award had grown to $1,162,119.

During the same time period, Armando failed to pay property taxes on the two properties he was awarded by the judgment. As a result, the properties were sold at auction by the San Diego County Tax Collector for payment of back taxes. On September 24, 2018, the County notified the

---

[1] We refer to Armando and Rosa by their first names to avoid confusion. In so doing, we mean no disrespect.

[2] Both children were adults at the time of these proceedings.

2

parties that after all liens, fees and costs were paid from the sale proceeds, there remained excess proceeds of $916,939.71. The excess was held by the County in the name of the family trust. Both Armando and Rosa made claims for the excess funds as trustee of the family trust. As a result of the competing claims, the County held the funds pending a court order directing distribution.

On October 17, 2018, Rosa petitioned the probate court for an order appointing her as sole trustee, distributing the excess sale proceeds to her as trustee, terminating the trust, and distributing its assets to her. During discovery, Rosa propounded requests for admission (RFAs) to Armando under Code of Civil Procedure section 2033.010 et seq.[3] Armando did not timely respond, and on June 21, 2019, Rosa brought a motion to have the admissions deemed admitted. The day before the hearing on the motion, Armando filed a declaration and the court continued the hearing for 21 days. Rosa filed a reply to the declaration.[4] On August 30, 2019, the court issued an order granting Rosa's motion and stating "[t]he genuineness of all documents and the truth of all facts and statements specified in the Petitioner Rosa Anguiano's [RFAs] propounded to Armando Anguiano are deemed admitted."

Prior to trial, Rosa brought two motions in limine. The first was to preclude evidence that the parties' marriage was invalid or a fraud. The

_____

[3]    Subsequent undesignated statutory references are to the Code of Civil Procedure.

[4]    Rosa's appellate brief states that Armando's declaration claimed he was unable to respond to the RFAs because of medical reasons and that her reply to the declaration pointed out that the medical records attached to the declaration only contained a report for a routine colonoscopy and did not support Armando's medical claims. The declaration and reply, however, are not contained in the record before this court.

second motion sought to establish seven facts based on the August 30, 2019 order deeming the RFAs admitted by Armando: (1) Armando was present with his counsel during the settlement mediation and agreed to the terms reflected in the judgment; (2) Armando was ordered to pay a $763,000 equalization payment after Rosa satisfied the contingencies contained in the judgment; (3) Armando received the interspousal transfer deeds for the two properties at issue on or about November 26, 2011; (4) Armando had no legal justification to invalidate the divorce judgment; (5) Armando intentionally refused to make the equalization payment "despite having funds sufficient to pay a substantial portion;" (6) Armando failed to pay property taxes on the properties causing their sale by the county; and (7) the sale of the properties was not the result of a money judgment.

Before trial, the court ruled it would not take evidence on the facts deemed admitted based on the RFAs and moved the RFAs into evidence. During the trial, the court also indicated it would not hear any evidence challenging the validity of the parties' marriage. The trial on the petition took place over one day. Rosa introduced the testimony of herself and Armando. Armando called his adult children as witnesses. At the conclusion of the trial, the court granted the petition and directed Rosa's counsel to prepare a final judgment. On November 22, 2019, the court entered judgment removing Armando as trustee, appointing Rosa as the sole trustee, directing the San Diego County Tax Collector to distribute the excess proceeds from the property sales to Rosa as trustee, authorizing Rosa to distribute the proceeds to herself, and terminating the trust. Armando timely appealed from the judgment.

4

DISCUSSION

Armando, who proceeded in the trial court without counsel and was unrepresented on appeal until oral argument, raises several claims of error. He argues (1) the trial court erred by deeming the RFAs admitted because he was suffering from several severe medical conditions; (2) Rosa should have been precluded from obtaining equitable relief because her marriage to Armando was fraudulent; (3) Rosa was equitably estopped from pursuing her claims; (4) the divorce judgment is invalid; and (5) the trial court erred by failing to recognize his children as necessary parties to the litigation. These arguments lack merit.

I

*Legal Background*

"A revocable trust is a trust that the person who creates it, generally called the settlor, can revoke during the person's lifetime. The beneficiaries' interest in the trust is contingent only, and the settlor can eliminate that interest at any time. When the trustee of a revocable trust is someone other than the settlor, that trustee owes a fiduciary duty to the settlor, not to the beneficiaries, as long as the settlor is alive. During that time, the trustee needs to account to the settlor only and not also to the beneficiaries. When the settlor dies, the trust becomes irrevocable, and the beneficiaries' interest in the trust vests." (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1062.)

The Probate Code provides the probate court with " ' "jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." ' " (*Barefoot v. Jennings* (2020) 8 Cal.5th 822, 827; see also *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427 ["The probate court has general power and duty to supervise the administration of trusts."]; and Prob. Code, § 17200.) This includes "[s]ettling

5

the accounts and passing upon the acts of the trustee, including the exercise of discretionary powers" (*id.*, subd. (b)(5)), "[a]ppointing or removing a trustee" (*id.*, subd. (b)(10)), and "[a]pproving or directing the modification or termination of the trust" (*id.*, subd. (b)(13)). The probate court's inherent equitable power also "has long been recognized to encompass the authority to take remedial action. 'Under California trust law, a court can intervene to prevent or rectify abuses of a trustee's powers.' " (*Schwartz v. Labow,* at p. 427.)

## II

### *Analysis of Armando's Contentions*

### A

Armando argues that the court erred in deeming the RFAs admitted. He asserts that at the time he received the RFAs he was "suffering from nervous depression with anguish, nervousness, anxiety, sadness, intense low back pain, sciatica, and migraine." To support his assertion, he provides a citation to a trial exhibit that has not been submitted to this court. Armando has not provided any other basis to reverse the court's decision.

As Rosa's brief notes, the Code of Civil Procedure provides specific protections from deemed admissions. Under the applicable provisions, "[a]ny party may obtain discovery … by a written request that any other party to the action admit the genuineness of specified documents, or the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) "Any matter admitted in response to a request for admission is conclusively established against the party making the admission in the pending action, unless the court has permitted withdrawal or amendment of that admission under Section 2033.300." (§ 2033.410, subd. (a).)

6

If a party does not timely respond to the RFAs, "the responding party waives any objections thereto (§ 2033.280, subd. (a)), and '[t]he requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction ...' (*id*. subd. (b)). Unless the court determines that the responding party 'has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220,' it must order the RFAs deemed admitted. (*Id*. subd. (c).) '[A] deemed admitted order establishes, by judicial fiat, that a nonresponding party has responded to the requests by admitting the truth of all matters contained therein.' " (*St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 775–776.) Under section 2033.300, subdivision (b), "[t]he court may permit withdrawal or amendment of an admission only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits." (§ 2033.300, subd. (b).)

We review discovery rulings for abuse of discretion. (*St. Mary v. Superior Court, supra*, 223 Cal.App.4th at p. 772.) "Our high court has indicated that this abuse of discretion standard is founded on principles of deference to the trial court, such as 'whether or not the trial court exceeded the bounds of reason, all of the circumstances before it being considered' [citation]; and that appellate courts should disturb discretionary trial court rulings only upon a showing of ' " 'a clear case of abuse' " ' and ' " 'a miscarriage of justice.' " ' " (*Ibid*.)

Here, the probate court considered Armando's declaration concerning his health conditions and determined that he had not satisfied

section 2033.300, subdivision (b). Further, it is undisputed that Armando never provided a response to the RFAs. On appeal, Armando presents no argument or evidence to show that the court abused its discretion by granting Rosa's motion to deem the RFAs admitted. The evidence before the court, which we must construe in favor of the court's ruling, also gives us no reason to conclude the court erred. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324 ["an appellant must not only present an analysis of the facts and legal authority on each point made, but must also support arguments with appropriate citations to the material facts in the record"].) Rather, in these circumstances, section 2033.280, subdivision (c) compelled the court to grant the motion.

B

Because Armando cannot overcome the deemed admissions, his next three arguments also fail. In his trial brief, Armando argued that he should not be required to satisfy the divorce judgment because his marriage to Rosa was invalid. On appeal, he repeats this claim and argues that because he was defrauded by Rosa (whom he alleges without any evidentiary support was already married at the time of their marriage), the doctrine of unclean hands precluded her from recovering the property sale proceeds to satisfy the divorce judgment. The trial court rejected Armando's attempts to provide evidence of this fraud based on its ruling deeming Armando to have admitted he had "no legal justification for invalidating the family law judgment." On appeal, Armando has provided no basis for this court to overturn that ruling. Accordingly, we must reject Armando's argument. (See *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610 ["The burden of affirmatively demonstrating error is on the appellant. This is a general

8

principle of appellate practice as well as an ingredient of the constitutional doctrine of reversible error."].)

Armando's next contention is that Rosa was equitably estopped from pursuing her claim for the proceeds of the county's tax sale. This claim similarly lacks merit. Armando's claim is based on his assertion that Rosa failed to execute the interspousal transfer deed. As with his unclean hands argument, Armando has not shown any basis for this court to reverse the probate court's ruling deeming Armando to have admitted that he received the transfer deeds for both properties in November 2011. Because Armando was deemed to have received the transfer deeds, his argument that Rosa was equitably estopped from pursuing her rights because she did not satisfy this condition of the divorce judgment must fail.

Armando next argues that the divorce judgment is invalid because he and his attorney at the time did not actually agree to the settlement terms incorporated into the judgment. However, the court deemed admitted the fact that Armando was present with his counsel during the settlement mediation and agreed to the terms reflected in the judgment. And, as discussed, the probate court also rejected Armando's attempts to challenge the prior judgment based on the deemed admission that Armando had no "legal justification for invalidating the family law judgment." Armando provides no evidence or legal basis to support his assertion that these rulings were in error. Accordingly, we reject this argument. (*Nielsen v. Gibson, supra*, 178 Cal.App.4th at p. 324.)

### C

Finally, Armando asserts that the court erred by failing to recognize his children, as beneficiaries of the trust, were necessary parties to the litigation. Rosa responds that as contingent beneficiaries of the trust who would be

9

entitled to its assets only on the death of the last surviving parent, they are not indispensable parties. It is not this court's role to make this determination. (See *County of Imperial v. Superior Court* (2007) 152 Cal.App.4th 13, 35 [In determining whether a party is indispensable under section 389, the trial court considers the four factors listed in subdivision (b) of the statute; that determination is reviewed by the Court of Appeal for abuse of discretion.].) Rather, because Armando did not raise this issue in the trial court, it is waived. (See *Cline v. Haines* (1961) 192 Cal.App.2d 560, 563 [Appellant could not for first time raise on appeal question whether indispensable party was not joined.].)

DISPOSITION

The judgment is affirmed. Appellant to bear the costs of appeal.

McCONNELL, P. J.

WE CONCUR:


BENKE, J.


GUERRERO, J.

10