Filed 11/6/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID M. VESCO,<br><br>   Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF VENTURA COUNTY,<br><br>   Respondent;<br><br>TAWNE MICHELE NEWCOMB,<br><br>   Real Party in Interest. | 2d Civil No. B249447<br>(Super. Ct. No. 56-2010-00384846-CU-OR-VTA)<br>(Ventura County) |

California Rules of Court, rule 1.100[1] allows persons with disabilities to apply for "accommodations" to ensure they have full and equal access to the courts. Rule 1.100 (c)(4) prohibits disclosure of the applicant's confidential information to persons "other than those involved in the accommodation process."

The trial court twice granted real party in interest's motion for continuance of trial pursuant to rule 1.100. Petitioner received no prior notice and the court denied his request to view the medical documents on which real party in interest relied to obtain a continuance.

---

[1] All references to rules are to the California Rules of Court.

We conclude petitioner is a person involved in the accommodation process. Therefore he has the right to notice, to view the documents on which the real party in interest relies, and to an opportunity to be heard. We issue a peremptory writ of mandate. We direct the superior court to vacate its June 12, 2013 order granting a continuance to real party in interest.

FACTS

David M. Vesco is plaintiff in a civil action. He alleges that: He and defendant Tawne Michele Newcomb were in a long-term relationship. During the relationship, Vesco purchased a home. Although Newcomb did not contribute to the purchase or maintenance of the home, she now has its sole possession. While Newcomb is living in the home, rent-free, Vesco is paying the mortgage and other expenses. Vesco seeks to recover possession of the home.

On June 11, 2012, the trial court scheduled trial in the action for April 22, 2013.

On April 4, 2013, Newcomb filed a motion to continue trial, claiming that she needed urgent medical procedures. Vesco opposed her motion. On April 12, 2013, the trial court denied Newcomb's motion without prejudice to her right to refile it with supporting documentation.

On April 15, 2013, Newcomb filed an ex parte motion for accommodations under the Americans With Disabilities Act (ADA), 42 United States Code section 12101et seq., requesting a continuance of trial based on her health, pursuant to rule 1.100 (a)(1). Vesco was not served with a copy of the motion nor notified of it until after the trial court granted it.

On April 16, 2013, the trial court sent Vesco's counsel a copy of its minute order that stated: "Defendant Tawne Newcomb has made a confidential ADA request. As part of the court's response to the request, the trial date in this matter is continued from April 22, 2013, to June 3, 2013, at 1:30 p.m., in Courtroom 20."

On April 18, 2013, Vesco filed an ex parte application to examine and photocopy all documents in the trial court's possession concerning Newcomb's request for

2

ADA accommodation. Vesco claimed that (1) Newcomb's sole objective was to delay trial so she could remain in the home he was paying for; (2) she had a proven history of filing false documents with the court; and (3) he needed to review her request to determine the basis for the court's order, and whether he should seek reconsideration or writ review of the order pursuant to rule 1.100 (g).

On April 18, 2013, the trial court denied Vesco's ex parte application. The hearing was not reported.

On April 24, 2013, Vesco petitioned this court for a writ of mandate ordering the trial court to allow him access to all materials it relied on to grant the trial continuance. On May 29, 2013, we summarily denied his petition.

The trial court's minute order of May 30, 2013, states that Newcomb made another confidential request for an accommodation under the ADA. The court ordered the trial continued to June 17, 2013, so that it would have time to review the request.

On June 12, 2013, pursuant to Newcomb's ADA request, the court again continued the trial to August 12, 2013.

On June 16, 2013, Vesco renewed his petition for writ of mandate in this court.

## DISCUSSION

Vesco contends the trial court erred in granting Newcomb continuances without first allowing him the opportunity to view the documents on which she relies and the opportunity to be heard. Vesco claims he is prejudiced in that he continues to pay the mortgage and maintenance costs on the house while Newcomb lives there rent free.

Rule 1.100 (a) and (b) allows persons with disabilities covered by the Unruh Civil Rights Act, Civil Code section 51 et seq., the ADA, or other applicable state and federal laws to apply for accommodations to ensure full and equal access to the judicial system. The application may be made ex parte. (Rule 1.100 (c)(1).) Under the appropriate circumstances, an accommodation may be a trial continuance. (*In re Marriage of James M. & Christine J. C.* (2008) 158 Cal.App.4th 1261, 1273, fn. 4.)

3

Rule 1.100 (c)(4) provides, in part, that "[t]he applicant's identity and confidential information may not be disclosed to the public or to persons other than those involved in the accommodation process." Here the question is whether Vesco is a person "involved in the accommodation process." (*Ibid.*) The answer is obvious: It is his trial that is being continued and he is the person forced to make the accommodation.

When a party raises her physical condition as an issue in a case, she waives the right to claim that the relevant medical records are privileged. (See Evid. Code, § 996 & *City & County of S.F. v. Superior Court* (1951) 37 Cal.2d 227, 232 ["The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too"].) The reason for the waiver is self-evident. It is unfair to allow a party to raise an issue involving her medical condition while depriving an opposing party of the opportunity to challenge her claim. A challenge requires access to the medical records on which a party relies and an opportunity to be heard. Otherwise, the challenge is in name only. That rule 1.100 (c)(1) allows the application to be made ex parte does not dispense with the requirement of notice. (Rule 3.1203 (a).)

Vesco contends the trial court incorrectly analogized Newcomb's motion to a *Pitchess* motion when a defendant in a criminal case seeks to discover information contained in a peace officer's personnel file. (Evid. Code, § 1043 et seq.; *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.) We agree. A *Pitchess* motion must be noticed with a supporting affidavit disclosing good cause. (Evid. Code, § 1043, subds. (a) & (b)(3).) The peace officer's personnel records are presented to the court by a custodian of public records, not by a party to the action. (See *People v. White* (2011) 191 Cal.App.4th 1333, 1339.) It is true that the trial court examines the records in camera, outside the presence of the defendant and his counsel. (*People v. Mooc* (2001) 26 Cal.4th 1216, 1226.) But the trial court's duties in a *Pitchess* motion are limited. The court must first perform the ministerial task of determining whether the peace officer's personnel records contain the type of information the defendant is entitled to discover. The court then

4

makes the legal determination whether the information is relevant. (See Evid. Code, § 1045, subd. (b).)

These are substantial differences between the procedures employed in a *Pitchess* motion and the procedure employed here. Here the trial court determined that Newcomb's claim of a disability was credible. But Vesco did not have the opportunity to challenge the credibility of the claim. No such opportunity is required in a *Pitchess* motion because the court makes no determination whether the information contained in the personnel file is credible.

The *Pitchess* procedures are designed to provide a balance between the defendant's right to a fair trial and a peace officer's interest in privacy. (*People v. Mooc*, *supra*, 26 Cal.4th at p. 1227.) The procedure employed by the trial court in deciding Newcomb's claim of disability provides no such balance. Vesco was shut out of the process entirely.

Vesco has the right to have his trial as soon as circumstances permit. (See *In re Marriage of Johnson* (1982) 134 Cal.App.3d 148, 154.) It follows that he may challenge Newcomb's request for a continuance. He therefore must be given notice and an opportunity to view the medical records and other material on which Newcomb relies. Of course, the trial court must protect Newcomb's privacy as far as practical. For example, it may hold the hearing in camera, order Vesco and his counsel not to disclose the contents of the medical records, seal the record of the proceedings, and take other steps as it deems appropriate to accomplish this goal.

## DISPOSITION

We grant the petition. Let a peremptory writ of mandate issue. We direct the respondent court to vacate its order of June 12, 2013, granting a continuance of trial as an accommodation under rule 1.100 without providing petitioner notice, an opportunity to view the documents on which real party in interest relies and an opportunity to be heard, and to enter a new order consistent with this opinion. The order to show cause, having served its purpose, is discharged.

5

The parties shall bear their own costs.

<u>CERTIFIED FOR PUBLICATION.</u>


GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

6

Brian J. Back, Judge

Superior Court County of Ventura

_____

Law Offices of Mark Pachowicz, Christina S. Stokholm for Petitioner.

No appearance for Respondent.

Tawne Michele Newcomb, in pro. per. for Real Party in Interest.