Filed 8/16/16  Peterson v. G. Mazzera Co. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| VICTORIA L. PETERSON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>G. MAZZERA COMPANY,<br><br>        Defendant and Respondent. | A142623<br><br>(San Francisco County<br>Super. Ct. No. CGC12-522568) |

Plaintiff and appellant Victoria L. Peterson appeals following the trial court's dismissal of her complaint as a sanction for her discovery abuses.  She contends the trial court failed to accommodate her disability as required under California Rules of Court, rule 1.100 (Rule 1.100) and otherwise abused its discretion in issuing terminating sanctions.  We affirm.

BACKGROUND

In July 2012, appellant filed an action against defendant and respondent G. Mazzera Company alleging causes of action for negligence, breach of the warranty of habitability, and violation of the San Francisco Rent Ordinance.  The complaint alleged appellant was a tenant in a building in San Francisco and respondent was her landlord.  It further alleged that in April 2011 appellant fell at night in an unlit stairwell in respondent's building and suffered a permanent ankle injury.

In early 2013, respondent filed a separate unlawful detainer action against appellant.

1

In April 2013, appellant's counsel withdrew and appellant elected to represent herself. Appellant filed various requests for disability accommodations under Rule 1.100. Although the particulars of the requests are confidential (Rule 1.100(c)(4)), the relevant circumstances are described below as necessary to resolve appellant's claim that the trial court erred in denying her requests, without disclosing appellant's personal information.[1]

Disputes arose regarding appellant's compliance with respondent's discovery requests, and respondent sought assistance from the court, beginning with motions to compel filed in April 2013. The discovery proceedings are discussed below, as relevant to resolution of the present appeal.

In May 2014, respondent filed a motion seeking terminating sanctions due to, among other things, appellant's failure to comply in full with a February order directing her to appear for a deposition in April. The trial court granted the motion, dismissed the complaint, and entered judgment in favor of respondent. This appeal followed.

DISCUSSION

I.   *Trial Court Did Not Err in Denying Appellant's Accommodation Requests*

Appellant contends the trial court abused its discretion in issuing terminating sanctions because the court failed to properly accommodate her disability under Rule 1.100. Rule 1.100 "governs requests for accommodations by persons with disabilities. Rule 1.100(a) defines 'persons with disabilities' to mean persons covered by Civil Code section 51 et seq. (the Unruh Civil Rights Act), the ADA [Americans With Disabilities Act], or other applicable state or federal law. [¶] . . . [R]ule 1.100 advances the court policy 'to ensure that persons with disabilities have equal and full access to the judicial

---

[1] Because appellant describes the types of accommodations she requested in unredacted portions of her opening brief, she has waived confidentiality as to those matters. Arguably, appellant has broadly waived confidentiality by arguing for reversal based on violation of Rule 1.100. (See *Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279 [in context of Rule 1.100, stating "[w]hen a party raises her physical condition as an issue in a case, she waives the right to claim that the relevant medical records are privileged"].) However, because we can resolve appellant's claims without disclosing personal information, it is unnecessary to decide that issue.

2

system.'  ([R]ule 1.100(b).)  To fulfill that purpose, [R]ule 1.100(b) requires each superior court and appellate court to designate at least one person to be the ADA coordinator to address requests for accommodations.  Rule 1.100(c) permits requests for accommodations to be made ex parte to the ADA coordinator, but requires they be made 'as far in advance as possible, and in any event must be made no fewer than 5 court days before the requested implementation date.'  The court has discretion to waive this deadline.  ([R]ule 1.100(c)(1) & (3).)  The court must keep confidential all of the applicant's information concerning the request unless the applicant waives confidentiality in writing or disclosure is required by law.  ([R]ule 1.100(c)(4).)" (*In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1272-1273 (*Christine C.*); see also *Vesco v. Superior Court*, *supra*, 221 Cal.App.4th at p. 279; *Biscaro v. Stern* (2010) 181 Cal.App.4th 702, 707–710.)

Rule 1.100(a)(3) "defines 'accommodations' to mean 'actions that result in court services, programs, or activities being readily accessible to and usable by persons with disabilities' and may include 'making reasonable modifications in policies, practices, and procedures; furnishing, at no charge, to persons with disabilities, auxiliary aids and services, equipment, devices, materials in alternative formats, readers, or certified interpreters for persons with hearing impairments; relocating services or programs to accessible facilities; or providing services at alternative sites.'  In responding to a request for accommodation under [R]ule 1.100, the court 'must consider, but is not limited by, California Civil Code section 51 et seq., the provisions of the [ADA], and other applicable state and federal laws' " in determining whether to provide an accommodation.  (*Christine C.*, *supra*, 158 Cal.App.4th at p. 1273, quoting Rule 1.100(e)(1).)

"The grounds for denying a request for accommodation are limited:  'A request for accommodation may be denied only when the court determines that: [¶] (1) The applicant has failed to satisfy the requirements of this rule; [¶] (2) The requested accommodation would create an undue financial or administrative burden on the court; or [¶] (3) The

3

requested accommodation would fundamentally alter the nature of the service, program, or activity.' ([Rule] 1.100(f).)." (*Christine C.*, *supra*, 158 Cal.App.4th at p. 1273.)

In the present case, the record demonstrates appellant made various requests for accommodations, such as temporary litigation stays and additional time to file documents.[2] Appellant's primary contention on appeal appears to be that the trial court erred in denying her request for stay of the present litigation until completion of respondent's separate unlawful detainer action against appellant. However, although the existence of two simultaneous actions might justify extensions of time or other accommodations, appellant's accommodation requests did not establish that her disability rendered it infeasible for her to be involved in more than one lawsuit at the same time. (See *Christine C.*, *supra*, 158 Cal.App.4th at pp. 1274-1275 [scrutinizing factual basis for request in determining whether accommodation could be denied on basis that "[t]he applicant has failed to satisfy the requirements of this rule" under Rule 1.100(f)(1)].) Moreover, appellant has not shown a complete stay of the present action would have been a reasonable accommodation. Rule 1.100(f)(3) provides that a requested accommodation may be denied where it "would fundamentally alter the nature of the service, program, or activity." Although we need not reach the issue given appellant's failure to justify the request, it would appear a trial court could deny an open-ended stay of litigation under Rule 1.100(f)(3).

*Christine C.*, *supra*, 158 Cal.App.4th 1261, does not support appellant's claim. There, the appellant, Christine, suffered from both bipolar disorder and cancer. (*Id.* at p. 1264.) After several other continuances, Christine, representing herself in propia persona, requested another continuance as an ADA accommodation. (*Christine C.*, at pp. 1264–1269.) She presented a declaration from her psychiatrist " 'strongly recommending' " that Christine be hospitalized and estimating Christine would be " 'able to resume normal activities within three months.' " (*Id.* at p. 1269.) In fact, Christine was hospitalized at the time of trial and sent a friend to appear and explain her

---

[2] We assume for purposes of the present appeal that appellant has a disability within the meaning of Rule 1.100.

4

circumstances. (*Ibid.*) Even though the physician treating her confirmed Christine was hospitalized, the trial proceeded in her absence. (*Id.* at pp. 1269–1270.) The Court of Appeal held it was an abuse of discretion not to grant a continuance, in light of Christine's hospitalization and the absence of one of the specified grounds for denial of the accommodation in Rule 1.100(f). (*Id.* at pp. 1264–1265.)

The accommodation request in *Christine C.* was for continuance of trial; the case does not stand for the proposition that a party may obtain an indefinite stay of litigation as an accommodation. Moreover, in *Christine C.* there was a strong showing of need for the continuance—among other things, the request was accompanied by her psychiatrist's declaration averring Christine needed to be hospitalized and " 'granted absolute rest from any further legal stress.' " (*Christine C.*, *supra*, 158 Cal.App.4th at p. 1269.) In the present case, appellant points to no medical evidence in the record suggesting her disability was so severe that an indefinite stay was called for.

Appellant also suggests the trial court should have appointed a discovery referee, apparently to serve in a pro bono capacity, as an accommodation under Rule 1.100. However, she points to nowhere in the record where she requested such an appointment as an accommodation. The portion of the record she cites is a letter to opposing counsel wherein she requested that respondent accommodate her disability by making a "discovery calendar." Absent a request for a discovery referee under Rule 1.100, appellant can assert no claim based on denial of the accommodation. We need not and do not address whether the trial court could have denied such a request under one of the grounds specified in Rule 1.100(f).

Finally, appellant suggests the trial court should have removed the case from the "fast track" (see the Trial Court Delay Reduction Act, Govt. Code, § 68600 et seq.) as an accommodation under Rule 1.100. Although the record does contain such requests, the requests were not accompanied by medical documentation showing appellant's disability justified such an accommodation. Neither does appellant explain how her discovery violations and the trial court's issuance of terminating sanctions resulted from failure to exempt the case from the fast track rules. That is, appellant has not shown a nexus

5

between her request for an exemption from the fast track rules and dismissal of her action. The record reflects the trial court issued terminating sanctions because it found appellant had repeatedly failed to comply with her discovery obligations, not due to any of the requirements of the Trial Court Delay Reduction Act.

Appellant's claim based on denial of her Rule 1.100 accommodation requests fails.[3]

II.  *Trial Court Did Not Abuse Its Discretion in Issuing Terminating Sanctions*

A.  *Background of Discovery Proceedings*[4]

Because the trial court's issuance of terminating sanctions was influenced by the history of discovery noncompliance by appellant, we summarize the trial court's prior orders.

On May 16, 2013, pursuant to respondent's motion to compel further answers to form interrogatories, appellant was ordered to pay monetary sanctions in the sum of $585.00.

On August 23, 2013, pursuant to respondent's motion to compel appellant's deposition attendance, the trial court ordered plaintiff to appear for deposition on September 11, 2013. Appellant appeared, but terminated the deposition early, after testifying for less than three hours. Appellant agreed to return to continue her deposition and produce documents on October 9, 2013. Appellant canceled the continued deposition by letter on October 2 and asserted it needed to be rescheduled after November 2.

On September 27, 2013, pursuant to respondent's motion to compel answers to special interrogatories, the trial court ordered plaintiff to answer the special interrogatories and to pay sanctions in the amount of $800.00. That same day, pursuant to respondent's motion to compel answers to form interrogatories, the trial court ordered

---

[3] Because appellant's claim fails on the merits, we need not and do not consider whether appellant's failure to seek review of the accommodation denials has any effect on the cognizability of her claims on appeal. (See Rule 1.100(g).)
[4] Aspects of this factual summary are based on declarations submitted by respondent's counsel below.

appellant to pay additional sanctions in the amount of $1,450.00 due to appellant's failure to comply with the court's May 16 order.

On November 14, 2013, respondent moved for an order compelling appellant to produce documents; respondent also requested further monetary sanctions and that the trial court issue terminating sanctions based on appellant's violations of the court's discovery orders. On February 20, 2014, the trial court denied the motion for terminating sanctions but directed that appellant appear for a deposition on April 10, 2014 at 10:00 am. The court's order directed appellant to "produce originals of all documents plaintiff has previously produced and originals of all additional documents requested by [respondent.] . . . [Respondent] shall have 30 minutes to review the documents in [appellant's] presence and make copies of any documents [appellant] produces for marking and use at the deposition, as [respondent] elects." The order specified a schedule including breaks and stated, "[t]he deposition shall conclude after [appellant] testifies for 3 hours, at 2:10 pm."

According to the declaration submitted by respondent's counsel in support of respondent's motion for terminating sanctions, appellant appeared for the deposition on April 10, 2014, and "for the first time produced 490 pages of documents." Respondent's counsel further averred that appellant "frustrated the letter and intent of the Court's February 20, 2014 order by (1) insisting on making a 'speech' regarding many if not every document produced, taking up 2 plus hours of time and (2) refusing to turn the documents to the court reporter for photocopying and insisting on keeping possession of the documents produced and being physically present to observe defense counsel's staff copy the documents and return them to plaintiff, requiring several additional hours of time." Counsel averred the parties agreed to continue the deposition to April 15, unless appellant advised counsel otherwise the following morning (April 11); the transcript of the deposition reflects such an agreement.

Appellant called respondent's counsel on April 11, but did not indicate there was any problem with the April 15 deposition, leaving only her name and number. That same

7

day counsel sent appellant a letter confirming the April 15 deposition. Appellant failed to appear for the April 15 deposition.

Respondent filed its motion for terminating sanctions on May 8, 2014. Following a hearing, the trial court granted the motion and dismissed appellant's complaint. At the hearing, the court stated in announcing its ruling, "[i]t appears to the Court that there has been a continuing and persistent abuse of the discovery process by [appellant] and that monetary sanctions do not appear to be remedial."

B. *Analysis*

"Disobedience of a court order constitutes an abuse of discovery for which the court may dismiss the action. [Citation.] 'In choosing among its various options for imposing a discovery sanction, a trial court exercises discretion, subject to reversal only for manifest abuse exceeding the bounds of reason.' [Citation.] . . . '[T]he issue before us is not what sanction we would have imposed, but whether the trial court abused its discretion in ordering dismissal as a sanction.' " (*Miranda v. 21st Century Ins. Co.* (2004) 117 Cal.App.4th 913, 928–929; see also Code Civ. Proc., § 2023.010; *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390.) Terminating sanctions may take the form of "[a]n order dismissing the action, or any part of the action, of [the offending] party." (Code Civ. Proc., § 2023.030, subd. (d)(4).)

At the outset, we reject appellant's assertion the trial court dismissed her action as a sanction for her failure to pay the previously imposed monetary sanctions. (See *Newland v. Superior Court* (1995) 40 Cal.App.4th 608, 610 ["it is an abuse of discretion for a trial court to issue a terminating sanction for failure to pay" a monetary sanction].) The trial court's statement "monetary sanctions do not appear to be remedial" was clearly intended to convey that monetary sanctions had failed to secure appellant's compliance with her discovery obligations. (See *Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 280 (*Mileikowsky*) [emphasizing that sanctioned party had "refused to respond despite the issuance of court orders and monetary sanctions"], disapproved on another ground in *Mileikowsky v. West Hills Hospital & Medical Center* (2009) 45 Cal.4th 1259, 1273.) Respondent's counsel made clear at the outset of the hearing on the

8

motion for terminating sanctions that the request was based on appellant's violation of the February 20, 2014 order. We understand the trial court's decision to dismiss the action to be based on its finding that appellant violated that order, albeit with appropriate consideration of the entirety of appellant's conduct in discovery. (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1106 (*Liberty Mutual*) ["the sanctioned party's history as a repeat offender is not only relevant, but also significant, in deciding whether to impose terminating sanctions"]; *Deyo v. Kilbourne* (1978) 84 Cal.App.3d 771, 796 (*Deyo*) ["the court must examine the entire record in determining whether the ultimate sanction should be imposed"].)

Appellant contends she "acted reasonably and with substantial justification given the circumstances during the entire discovery process." (Capitalization omitted.) She then proceeds to argue the various monetary sanctions imposed on her at earlier stages in the proceedings were unjustified. Appellant adequately presents her perspective on each of the discovery disputes, including those that resulted in sanctions, but she fails to demonstrate the trial court abused its discretion in any of its discovery or sanctions orders preceding the order issuing terminating sanctions.

More to the point, appellant disputes she failed to obey the February 20, 2014 order directing her to appear for a deposition on April 10. The most important aspect of respondent's claim that appellant violated the order is respondent's counsel's averment below that appellant insisted on "making a 'speech' regarding many if not every document produced, taking up 2 plus hours of time." This would be a significant violation of the court's order, which allowed for only three hours of testimony and mandated a specific stopping time. In response to that allegation, appellant asserts only that she "did not give a speech; appellant followed the court order . . . by producing . . . documents and identified said documents for respondent per court order." But nothing in the trial court's February 20 order directed appellant to identify the documents, much less permitted appellant to consume most of the allotted time for questioning with such identification. Appellant does not dispute the document identification took over two

9

hours.  Thus, the trial court's finding that appellant violated its February 20 order is supported by the record.

Appellant also disputes she agreed to continue her deposition to April 15.  We conclude respondent's counsel's declaration and the April 10 deposition transcript provide ample support for a finding that appellant violated an agreement to appear for the continued deposition that day.  Because the trial court could properly base the terminating sanctions on violation of the February 20 order, we need not decide whether violation of the agreement to continue to April 15 could alone support terminating sanctions.  (Compare *Ruvalcaba v. Government Employees Ins. Co.* (1990) 222 Cal.App.3d 1579, 1584 ["without a disobeyed court order a terminating sanction was improperly imposed"] with *Mileikowsky*, *supra*, 128 Cal.App.4th at pp. 278-279 [basing terminating sanctions on violation of a stipulation].)  In any event, the trial court could properly consider appellant's conduct after April 10 in deciding whether to issue terminating sanctions.  (*Liberty Mutual*, *supra*, 163 Cal.App.4th at p. 1106; *Deyo*, *supra*, 84 Cal.App.3d at p. 796.)

"A decision to order terminating sanctions should not be made lightly.  But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction."  (*Mileikowsky*, *supra*, 128 Cal.App.4th at pp. 279–280.)  Although appellant did not entirely refuse to participate in discovery, the record demonstrates that she repeatedly interposed obstacles and failed to substantially comply with her obligations.  The record also shows that monetary sanctions were ineffective.  "The trial court was not required to allow [appellant] to continue [her] stalling tactics indefinitely."  (*Liberty Mutual*, *supra*, 163 Cal.App.4th at p. 1106; see also *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1069; *Mileikowsky*, at p. 280.)  The trial court found appellant had already been provided

10

sufficient opportunity to comply with her obligations and terminating sanctions were justified; we cannot say the trial court abused its discretion in so finding.[5]

## DISPOSITION

The trial court's judgment is affirmed. Costs on appeal are awarded to respondent.

---

[5] We reject appellant's contention it was a violation of due process for the trial court to change its tentative ruling, which apparently denied the request for terminating sanctions. Respondent's motion for terminating sanctions itself provided adequate notice; appellant cites no authority to the contrary. We decline to consider other passing contentions made by appellant in her briefing that are unsupported by adequate reasoning and citations to the record and authority. (*Placer County Local Agency Formation Com. v. Nevada County Local Agency Formation Com.* (2006) 135 Cal.App.4th 793, 814 ["We need not address points in appellate briefs that are unsupported by adequate factual or legal analysis."].)

_____

SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.