Filed 3/14/24  P. v. Villescas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B330018 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA044837) |
| v. | |
| ALBERTO VILLESCAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph R. Porras, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

In 1998, Alberto Villescas (defendant) was convicted of two counts of being a felon in possession of a firearm (former Pen. Code, § 12021, subd. (a)(1))[1] and sentenced to 26 years to life in prison, calculated as a base sentence of 25 years to life under our state's "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)) plus one additional year for having served a prior prison sentence (§ 667.5, subd. (b)).[2]  In 2022, defendant filed a petition pursuant to what is currently section 1172.75 asking the trial court to (1) strike the one-year "prison prior" enhancement; and (2) engage in a full resentencing, which would include potentially dismissing one or two of the prior "strike" allegations.[3]  The trial court granted defendant's request to strike the one-year "prison

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     We affirmed defendant's conviction and sentence on direct appeal.  (*People v. Villescas* (May 2, 2000, B129758) [nonpub. opn.].)

[3]     Although defendant's petition did not confer jurisdiction on the trial court (because section 1172.75 proceedings must be initiated by the Department of Corrections and Rehabilitation rather than by a defendant's petition) (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447-448; *People v. Newell* (2023) 93 Cal.App.5th 265, 268), the Department's subsequent act in informing the trial court that defendant was "on the list" eligible for relief under section 1172.75 conferred that jurisdiction (*People v. Cota* (2023) 97 Cal.App.5th 318, 332-333).

prior" enhancement, but declined defendant's request for a full resentencing. The sole issue on appeal is whether the court erred in denying a full resentencing.

We conclude that there was no error.

Section 1172.75 expressly provides that a trial court "shall recall [a defendant's] sentence and resentence the defendant." (§ 1172.75, subd. (c).) This "requires a full resentencing" (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402), one in which the trial court may reconsider all of its prior sentencing decisions as well as "'modify *every* aspect of the sentence,'" including in light of "postconviction factors, including, but not limited to, the [defendant's] disciplinary record and record of rehabilitation . . . while incarcerated" (§ 1172.75, subd. (d)(3); *People v. Coddington* (2023) 96 Cal.App.5th 562, 568; see generally *People v. Buycks* (2018) 5 Cal.5th 857, 893-894 [describing the "full resentencing rule"]). A defendant's prison record is an important part of any resentencing because it provides highly relevant insight into the "defendant's risk for future violence" and whether "continued incarceration is no longer in the interest of justice," factors that section 1172.75 specifies are to be part of any resentencing (§ 1172.75, subd. (d)(3)).

Although defendant—while representing himself after waiving his right to counsel—repeatedly asked for a full resentencing, he simultaneously and steadfastly asked the trial court *not* to consider his prison disciplinary record, going so far as to "mo[ve] to suppress" that record on the ground that "most" of the discipline in that record was inaccurate because the hearing officers were biased, because the allegations were "false," and because none of the disciplinary findings were made beyond a reasonable doubt. Defendant nevertheless asked the trial court

3

to consider evidence of his positive progress while incarcerated. The trial court succinctly summed up defendant's position: "So you want the court to consider the good stuff because that's accurate but not the bad stuff because that's inaccurate?" When the trial court eventually asked defendant, point blank, if he wanted the court to consider his prison record, defendant replied he did not; the court thereafter declined to resentence defendant because it lacked "the requisite information" on defendant's postconviction conduct to meaningfully conduct the type of full resentencing called for by the plain language of section 1172.75.

The trial court did not err. Section 1172.75 entitles a defendant to a *full* resentencing; it does not entitle him to a *myopic* resentencing, where he is permitted to present only favorable information while concealing unfavorable information from the court's view. In other contexts, litigants who seek to have their cake and eat it too are deemed to have waived their right to have cake. (See, e.g., *Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279; *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 555; see generally *People v. Concepcion* (2008) 45 Cal.4th 77, 82 ["Waiver may be express or implied," including by a litigant's conduct].) This precept applies here. The trial court expressly gave defendant a choice: Allow the court to consider the full prison record and have a full resentencing on the basis of that record, or continue to insist that the court ignore the negative parts of that record and forego a full resentencing because there is no such thing as a myopic resentencing. Defendant chose the latter, and he is stuck with that choice now.

On appeal, defendant argues that the court should have ruled on his motion to suppress "and then, regardless of that ruling, proceeded with a full resentencing." We frankly do not

4

understand what this means. Is defendant suggesting that the court should have granted his motion to suppress and ignored the discipline in defendant's record in order to engage in a myopic resentencing? Or is he suggesting that the court should have denied his own suppression motion and engaged in a full resentencing notwithstanding defendant's strident and crystal clear position that the disciplinary record be ignored? Or is he suggesting that the trial court should have simply made a ruling and then, "regardless of that ruling," done whatever it wanted regarding the resentencing? In our view, none of these suggestions is supported by the law or the record.

## DISPOSITION

We accordingly affirm the trial court's order striking the one-year prison prior enhancement without engaging in a full resentencing.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:



_____, Acting P. J.
ASHMANN-GERST



_____, J.
CHAVEZ



5