Filed 12/18/25  Stewart v. USAA General Indemnity Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JOSEPH D. STEWART,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>  Defendant and Respondent. | D083175<br><br><br><br>(Super. Ct. No.<br> 37-2019-00011137-CU-IC-CTL) |

APPEAL from judgment and orders of the Superior Court of San Diego County, Kenneth J. Medel, Judge.  Affirmed.

Joseph D. Stewart, in pro per, for Plaintiff and Appellant.

DKM Law Group, Joshua Nathan Kastan and Jessica J. Ross for Defendant and Respondent.

Joseph D. Stewart appeals from entry of judgment after the trial court granted a motion for summary adjudication by USAA General Indemnity Company (USAA), dismissed the matter with prejudice, and denied Stewart's

motion for a new trial. Stewart also appeals from the court's postjudgment order granting USAA costs.

In his briefs, Stewart challenges the trial court's orders denying disqualification of the trial judge, denying his requests for disability accommodations, and denying his motion to continue the trial. Stewart also argues the subsequent entry of judgment violated his due process right to an impartial judge.

We decline to review Stewart's challenges to the disqualification orders because they are not reviewable on appeal. We also decline to consider his challenges to the denials of his accommodation requests, because they were reviewed through petitions for writs of mandate. We conclude the trial court did not abuse its discretion in denying Stewart's motion to continue, and that entry of judgment did not violate his right to due process.

By failing to raise any arguments on the orders granting summary adjudication, dismissing with prejudice, denying a new trial, and awarding costs, Stewart has forfeited those issues.

The judgment and postjudgment orders are affirmed.

PROCEDURAL AND FACTUAL BACKGROUND

In 2019, Stewart, acting in pro per, filed this matter against USAA, alleging a breach of contract and related causes of action based on USAA's refusal to defend Stewart and reimburse him under his renter's insurance policy following an accidental fire in his apartment. In September 2019, the trial court sustained USAA's demurrer without leave to amend and dismissed Stewart's complaint with prejudice. On appeal, we reversed and remanded with directions that the trial court overrule the demurrer and grant Stewart leave to amend his complaint. (*Stewart v. USAA General Indemnity Co.* (July 13, 2021, D076992) [nonpub. opn.].)

In November 2021, Stewart moved to amend his complaint and to file a supplemental complaint. The trial court granted the motion.

In April 2022, the court scheduled trial to start in July 2023. Stewart had conferred with opposing counsel in advance and agreed with this trial date. At the April hearing, Stewart made an oral peremptory challenge to the trial judge (Hon. Kenneth J. Medel). After reviewing briefing on the issue, the trial court denied the peremptory challenge as untimely, finding Stewart had received notice of Judge Medel's assignment to the case from the time Stewart moved to amend his complaint in November 2021, or at the latest by the time the case management conference was set before Judge Medel in January 2022.

The parties proceeded to exchange discovery requests, notice depositions, and otherwise prepare for trial. Stewart moved to amend his complaint again and to file a supplemental complaint.

In March 2023, Stewart filed a motion to continue the July 2023 trial date the court had set nearly a year earlier. Stewart represented that he was unable to be physically present in San Diego for the trial readiness conference and trial call as scheduled, and that the earliest date that Stewart could be physically present—though "at significant personal cost and burden on both his family and professional schedule"—would be the first week of November 2023, and the only time he would be able to be physically present in San Diego with no conflicts was March 15, 2024 through July 20, 2024. USAA opposed the continuance, contending that Stewart had not shown good cause to continue trial in a case Stewart filed years earlier, and that Stewart had not diligently engaged in discovery as he represented.

In March 2023, USAA filed a motion for summary adjudication.

On April 27, 2023, the trial court issued a tentative ruling denying Stewart's motion for continuance but granting Stewart's motion to amend the complaint. The court tentatively found that Stewart had not sufficiently shown good cause to support a continuance.

On April 28, Stewart filed a statement of disqualification pursuant to Code of Civil Procedure[1] section 170.3, alleging that Judge Medel was biased against Stewart and all pro per plaintiffs, "such that they are treated with palpable contempt in the court room, are not afforded full and fair opportunities to be heard" and faced Judge Medel's "concerted efforts . . . to terminate [their cases] as quickly as possible." Stewart based these allegations on his observation of Judge Medel's treatment of pro per plaintiffs "specifically his tendency to speak in a contemptable tone and manner" and his "100 [percent] track record of ruling in favor of Defendants in this case . . . regardless of the true facts or applicable law."

On May 5, 2023, the trial court struck the statement of disqualification because it was not properly served, was untimely, and did not allege a legal basis for disqualification.

Days later, Stewart filed a second statement of disqualification. He repeated his prior allegations of bias and alleged as a new fact that the Commission on Judicial Performance was reviewing a complaint Stewart had filed against Judge Medel. On May 16, the trial court struck this second statement of disqualification.

In May 2023, after the trial judge had tentatively denied his motion to continue trial, Stewart requested disability accommodations. He requested (1) "relief from the relevant statutory deadlines for discovery objections,

---

[1] Further undesignated statutory references are to the Code of Civil Procedure.

4

motions, and responses," and (2) "a standing order for the duration of this case that defendant may not incumber plaintiff with more than one responsive deadline in any given week, whether it be motion, discovery, or otherwise." (Capitalization omitted.) The trial court denied the accommodation requests, finding that Stewart had failed to satisfy the requirements of California Rule of Court,[2] rule 1.1000 and the accommodations "would fundamentally alter the nature of the service, program, or activity." The court noted that a heavily-redacted document submitted by Stewart was insufficient to establish that Stewart was unable to or unfit to participate in court proceedings in June and July, and Stewart's assertion that he worked 50-60 hours a week in a private law practice contradicted his claim that he was unable to participate in the proceedings. The court stated it would nonetheless again consider Stewart's requests at the upcoming hearing if Stewart demonstrated he had served his requests on USAA.

In May 2023, USAA filed an ex parte motion to shorten time and a motion to compel Stewart's deposition, representing that it had notified Stewart of its intent to do so. Stewart appeared via remote video conference at the hearing the trial court set on the motion. After the court granted the ex parte motion, Stewart filed a third statement of disqualification of Judge Medel.

On June 2, 2023, the court struck the third statement of disqualification. To the extent Stewart claimed his right to due process was violated because the judge was biased, the court found the allegations in the third statement insufficient to establish the "extreme facts" necessary to

---

[2] Further undesignated rule references are to the California Rules of Court.

show a due process violation, citing *Schmidt v. Superior Court* (2020) 44 Cal.App.5th 570, 589 (*Schmidt*).

The court followed up its tentative ruling from April denying Stewart's motion to continue with a hearing on that motion. Stewart appeared remotely. Stewart for the first time stated that he was not available to appear for trial because he was physically in an unspecified foreign country, and he needed to remain there until November, or he would lose permanent residence status there. Stewart also contended that USAA was "playing games" with discovery and had delayed resolving discovery issues, depriving Stewart of documents to which he was entitled. The court on June 5, 2023, issued a written order denying the request for continuance, finding Stewart had failed to demonstrate good cause to continue the trial.

On June 6, Stewart filed a fourth statement of disqualification of Judge Medel. On June 7, the trial court struck the fourth statement of disqualification.

On June 9, Stewart failed to appear at a scheduled motion hearing. Counsel for USAA represented that someone identifying as a legal assistant for Stewart e-mailed that morning saying Stewart had had a medical emergency and would not appear that day. That same morning, Stewart filed a fifth statement of disqualification of Judge Medel. The court struck the fifth statement of disqualification.

Stewart filed a petition for writ of mandate in this court challenging the denial of his disability accommodation requests.[3] We denied the petition.

---

[3] Stewart's request for judicial notice of his writ petitions in case Nos. D082289 and D082440, concerning his disability accommodation requests, is granted.

In June 2023, Stewart filed a new ex parte application for disability accommodation in the trial court. This time he requested that the court: (1) vacate an order entered on June 9, 2023, when Stewart was absent due to medical emergency and continue that hearing 30 days; (2) stay the entire action for at least 30 days; and (3) prohibit USAA from setting any hearing or motion within 30 days. The trial court denied the request without prejudice.

Stewart filed a petition for a writ of mandate and request for stay of trial court proceedings, challenging the denial of his second set of accommodation requests. We denied the petition. Stewart unsuccessfully petitioned for review by the Supreme Court. (*Stewart v. Superior Court* (Sept. 13, 2023, S281244) (ord. den. petition for review, Guerrero, J.).)

The month before the scheduled July trial, USAA filed a trial readiness conference report. USAA represented that it had tried to engage Stewart in the required pretrial conference, but Stewart failed to cooperate.

Stewart did not file his own trial readiness report or an opposition to USAA's motion for summary adjudication. On July 6, USAA moved for terminating sanctions based on Stewart's failure to prosecute his case, engage in discovery, and comply with court orders.

On July 7, hours before the motion hearing on USAA's summary adjudication motion, Stewart filed a sixth statement of disqualification of Judge Medel.

Stewart did not attend the motion hearing on USAA's summary adjudication motion. The trial court struck the sixth statement of disqualification. The trial court indicated that Stewart's case would be dismissed if he did not appear for trial on July 21. USAA served notice of this statement upon Stewart.

7

On July 12, the trial court issued an order granting USAA's unopposed motion for summary adjudication as to all but one of the claims in Stewart's complaint. Trial of Stewart's sole remaining claim for breach of contract remained set for July 21.

Stewart failed to appear at trial call on July 21, 2023, either in person or via video conference. The trial court dismissed the action with prejudice, citing: (1) Stewart's voluntary absence from trial; (2) his failure to engage in discovery and violation of the court's discovery orders; (3) his "wholesale failure" to identify any trial witnesses or exhibits; and (4) his failure to confer with opposing counsel as part of the required trial review process. Finding that Stewart had not been given adequate notice, the trial court declined to rule on USAA's pending motion for terminating sanctions and stated that the dismissal was not predicated upon that motion.

Stewart filed notice of a motion and motion to vacate the judgments and for a new trial based on alleged judicial misconduct by Judge Medel.

In September 2023, Stewart appeared at the hearing on his motion for new trial via remote video conference. Earlier that morning, Stewart filed a seventh statement of disqualification of Judge Medel. The trial court struck the seventh statement of disqualification. After hearing argument from the parties, the court struck Stewart's motion for new trial as improperly filed. The court awarded costs of $26,594.74 to USAA after Stewart failed to file a memorandum of points and authorities supporting his motion to tax costs.

## DISCUSSION

### I.

### *Timeliness*

We start by considering whether Stewart's notice of appeal was timely. The July 12, 2023 summary adjudication order was served by USAA on

8

Stewart on July 13, 2023.  The July 21, 2023 order of dismissal was served by USAA on Stewart on July 24, 2023.  Stewart's notice of appeal, filed September 28, 2023, was filed outside of the statutory deadline to appeal each of these orders.  (Rule 8.104(a)(1)(B).)

On July 28, 2023, however, Stewart filed a notice of motion to "set aside the judgments entered on July 12, 2023 and on July 21, 2023" and to grant a new trial.  That motion was denied, and the clerk served notice of entry of the order denying the motion on September 15, 2023, which extended the deadline for appeal of both the July orders and the September order until October 16, 2023.[4]  (Rule 8.108(b)(1), (c)(1).)  We conclude Stewart's first notice of appeal was timely.[5]

## II.

### *Judicial Disqualification*

A party who believes the trial judge is biased may seek disqualification by filing a peremptory challenge (§ 170.6, subd. (a)(2)) or a challenge for cause.  (§§ 170.1, subd. (a)(6)(A)(iii), 170.3, subd. (c)(1).).

If the party's effort to disqualify the judge is unsuccessful, the only avenue for review is a writ petition.  (§ 170.3, subd. (d); *People v. Panah* (2005) 35 Cal.4th 395, 444 ["As we have repeatedly held, the statute means what it says: Code of Civil Procedure section 170.3, subdivision (d) provides

---

[4] Stewart's motion for new trial was valid for purposes of extending time, though it was ultimately struck by the trial court as "improperly filed."  (*See* Advisory Com. notes, Rule 8.108 ["As used in these provisions, the word 'valid' means only that the motion, election, request, or notice complies with all procedural requirements; it does not mean that the motion, election, request, or notice must also be substantively meritorious."].)

[5] Stewart timely filed a second notice of appeal from the post-judgment order awarding costs.

the exclusive means for seeking review of a ruling on a challenge to a judge, whether the challenge is for cause or peremptory."].)

Stewart contends the California Supreme Court's decision in *North American Title Co. et al. v. Superior Court of Fresno County* (2024) 17 Cal.5th 155 and principles of statutory construction relied upon therein, compel us to revisit this rule. That case did not overturn the longstanding and well-established authority that writs are the exclusive means for a party to seek review of a disqualification order. As Stewart undoubtedly realizes, we lack the power to overrule the California Supreme Court's interpretation of section 170.3, subdivision (d). (*AutoEquity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["The decisions of this court are binding upon and must be followed by all the state courts of California. . . . Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court."].)

Because the orders denying his peremptory challenge and striking his statements of disqualification are not appealable pursuant to section 170.3, subdivision (d), we affirm those rulings of the trial court.

## III.

### *Disability Accommodation Requests*

Stewart next asks us to review the trial court's orders denying the disability accommodations he sought. An applicant whose request for accommodation has been denied may file a petition for a writ of mandate under California Rules of Court, rule 1.100(g)(2) or appeal the denial of accommodations as part of a challenge to an appealable final judgment or order. (See *In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1272–1278 [merits of accommodation request considered in conjunction

10

with appeal from judgment].) Stewart chose to seek review by filing writ petitions. We reviewed his two petitions and denied them. Stewart unsuccessfully sought review of one denial in the Supreme Court. (*Stewart v. Superior Court* (*supra*, S281244) ord. den. petition for review, Guerrero, J.) Stewart points to no authority authorizing this court to review for a second time on direct appeal matters we have already considered in writ petitions, and we decline to do so. We affirm the trial court's denials of Stewart's accommodation requests.[6]

## IV.

### *Trial Continuance*

Stewart next challenges the trial court's order denying his motion to continue the trial. We conclude the trial court did not abuse its discretion in finding that Stewart's decision to leave the country for personal and professional reasons did not excuse his absence from the jury trial he demanded.

We review for an abuse of discretion a trial court's order denying a request to continue a trial. (*Forthmann v. Boyer* (2002) 97 Cal.App.4th 977, 984.) The trial court's exercise of that discretion will be upheld "if it is based on a reasoned judgment and complies with legal principles and policies appropriate to the case before the court." (*Ibid.*) A reviewing court may not disturb the exercise of discretion by a trial court "in the absence of a clear abuse thereof appearing in the record." (*Ibid.*) The appellant has the burden

---

[6] USAA contends that we should decline to consider this argument because Stewart failed to include the disability accommodation requests and supporting documentation in the record on appeal. USAA also argues the trial court did not err in requiring that Stewart serve his accommodation requests upon USAA, as a party involved in the accommodation process, under *Vesco v. Superior Court* (2013) 221 Cal.App.4th 275, 279. In light of our conclusion, we decline to address these arguments.

11

of establishing an abuse of discretion, keeping in mind that the trial court's judgment is " 'presumed correct.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, 566 (*Denham*), italics omitted.)  A trial court abuses its discretion only if, based on the applicable law and considering all of the relevant circumstances, the decision "exceeds the bounds of reason."  (*Id.* at p. 566.)

Rule 3.1332(a) provides that "the dates assigned for trial are firm," and warns that "[a]ll parties and counsel must regard the date set for trial as certain."  Rule 3.1332(c), which supplies a mechanism for parties to request a continuance, states continuances are "disfavored" and may be granted "only on an affirmative showing of good cause."  (Rule 3.1332(c)(2).)  Good cause may include the unavailability of a party "because of death, illness, or other excusable circumstances."  (Rule 3.1332(c)(2).)

Stewart's showing of cause consisted of one paragraph stating he needed a continuance because he was "unable to be physically present in San Diego for the trial readiness conference and trial as scheduled" and offering dates when he could be available.  Although he omitted such statements from his verified pleading, he later represented in court (appearing remotely) that he was then in a foreign country and needed to remain there to establish residency.

Stewart contends that the trial court had an obligation to take sworn testimony about Stewart's unavailability to remedy his declaration's failure to contain adequate information, and that a litigant is not required to "freeze in time" and avoid action "beneficial to his or her own life."  Stewart also disputes the trial court's finding that a continuance would prejudice USAA.

None of these arguments compels us to conclude that the trial court's decision exceeded the bounds of reason.  (*Denham*, *supra*, 2 Cal.3d at p. 566.)

Stewart filed his case in 2019, demanding a jury trial to resolve his dispute with USAA. After remittitur of this matter to the trial court in September 2021, Stewart agreed in April 2022 that trial would occur in July 2023. Stewart chose to depart the country and seek residency status in another country, although his motion to continue had been tentatively denied in April 2023 and the trial of his matter remained calendared for July. USAA was ready to proceed on a timely basis, despite Stewart's failure to comply with required pretrial procedures, and USAA appeared in court for the trial readiness conference and for trial as required, having undertaken efforts to select exhibits, identify witnesses, request jury instructions, and otherwise prepare for trial. The trial court did not abuse its discretion in finding that Stewart failed to show his absence at trial was excusable and that a continuance would prejudice USAA. (Rule 3.1332(c)(2), (d)(5).)

V.

*Due Process Right to an Impartial Judge*[7]

Stewart alleges the entry of the judgment against him violated his due process right to an impartial judge. We conclude Stewart fails to demonstrate the "extreme facts" required to meet the "exceptionally stringent standard" for such a showing, and we reject his claim. (*Schmidt, supra*, 44 Cal.App.5th at p. 589.)

The due process clause entitles a litigant in a civil matter to an impartial and disinterested judge. (*Brown v. American Bicycle Group, LLC*

---

[7] USAA contends Stewart forfeited his due process challenge by failing to raise it at the earliest possible opportunity below, on any of the occasions when the trial court purportedly demonstrated bias against Stewart. Stewart states that he "adamantly and diligently asserted his rights" throughout this litigation. Without deciding whether or when Stewart raised his due process right to an impartial judge, we exercise our discretion to consider this question.

13

(2014) 224 Cal.App.4th 665, 673).)  Notwithstanding the exclusive statutory remedy in section 170.3(d) discussed *supra*, a litigant whose writ petition has been denied may assert on appeal, based on facts alleged in his unsuccessful disqualification motion, a constitutional due process claim that the judge who presided over his hearing was not impartial.  (*People v. Brown* (1993) 6 Cal.4th 322, 332.)  "A constitutional finding of judicial . . . bias is appropriate only when 'extreme facts' demonstrate a probability of actual bias." (*Schmidt, supra,* 44 Cal.App.5th at p. 589.)  Courts have found such extreme facts where the judge has a pecuniary interest in the outcome of the case, the judge presides over the criminal contempt trial of witnesses he himself had charged with contempt, or the judge received a large campaign contribution from a party with a pending case before him.  (*People v. Freeman* (2010) 47 Cal.4th 993, 1003-1006.)

We have reviewed all of the grounds Stewart identified as reasons a reasonable person would entertain a doubt about Judge Medel's impartiality. None of these amount to "extreme facts" compelling a conclusion that the judgment was tainted by the probability that Judge Medel was biased against Stewart.  (*Schmidt, supra,* 44 Cal.App.5th at p. 589.)

At hearings, Judge Medel gave Stewart ample opportunities to be heard and took care to understand Stewart's positions before ruling.  Judge Medel issued lengthy written rulings on many of the parties' motions, explaining his reasoning, citing relevant legal authorities, and reflecting his exercise of judgment.  He ruled in favor of USAA on some motions and in favor of Stewart on others, sometimes in the same ruling.  Judge Medel on more than one occasion gave Stewart the last word after hearing argument from Stewart and counsel for USAA.  The judge did not direct derogatory or disparaging comments at Stewart.

14

Stewart's claims of bias and prejudice simply do not bear out in the record. It is clear to us that Stewart's many complaints stem from his disagreement with the legal or factual underpinnings of Judge Medel's rulings. But a trial court's numerous rulings against a party do not establish a charge of judicial bias. (See *Schmidt, supra,* 44 Cal.App.5th at p. 588 [judge's credibility assessment, interpretation of evidence, and evidentiary rulings do not show bias]; *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36, 60 [three erroneous rulings favoring defendant and against plaintiffs and did not demonstrate bias].)

We conclude Stewart has not met the high burden to show violation of his due process right to an impartial trial judge.

VI.

*Judgment, Orders, and Costs*

According to his notice of appeal and civil case information sheet, Stewart appealed from: (1) the entry of judgment and order granting summary adjudication as to his claims for breach of implied covenant of good faith, negligence, and punitive damages; (2) the order dismissing the case with prejudice for failing to appear at trial and failing to participate in discovery and pretrial procedures; (3) the denial of Stewart's motion for new trial alleging misconduct and bias by the trial judge; and (4) the postjudgment order awarding costs to USAA. Other than as discussed herein, Stewart did not raise any substantive challenge to those rulings in his briefing.

It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) "[T]he appellant must present argument and authorities on each

15

point to which error is asserted, or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865.)  The appellant may not simply "incorporate by reference arguments made in papers filed in the trial court," but must "present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be presented and the point to be made; otherwise, the point will be forfeited."  (Rule 8.204; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 656 (*Keyes*).)

Stewart failed to present argument and authorities challenging the entry of judgment and order granting summary adjudication, the order of dismissal, the denial of the motion for new trial, and the postjudgment award of costs.  Consequently, he has forfeited these arguments.  (*Keyes, supra*, 189 Cal.App.4th at p. 656.)

## DISPOSITION

The judgment and postjudgment orders are affirmed.  Respondent is entitled to costs on appeal.  (Rule 8.278(a)(2).)

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

DO, J.